JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
CHRISTOPHER BURTON
Nevada Bar No. 12940
NADIA AHMED
Nevada Bar No. 15489
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
Christopher.Burton4@usdoj.gov
Nadia.Ahmed1@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　v.<br>ADAM PACHECO,<br>　　　　　　　Defendant. | Case No. 2:19-cr-00248-RFB-DJA<br><br>**Motion to Continue Calendar Call and Trial** |

### I.　　INTRODUCTION

The defendant, Adam Pacheco, is currently scheduled to proceed to trial on May 8, 2023. The government has been preparing to proceed with the May 8 trial, has issued trial subpoenas to more than thirty witnesses (including more than twenty laywitnesses), and has begun coordinating a deaf translator for the multiple deaf victims who are anticipated to testify at trial. However, defense has represented that they are not prepared to proceed to trial (*see* ECF No.

117, at 13)[1] and has filed a pretrial motion to dismiss which will not be fully briefed until approximately one week before calendar call and two weeks before trial. The trial in this case should therefore be continued 30 days so that the Court may consider the dispositive pretrial motion pending before it and issue an opinion.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2019, a federal grand jury returned a 14-count Indictment charging Pacheco with conspiracy to commit wire fraud, wire fraud, conspiracy to commit money laundering, money laundering, and conspiracy to structure. ECF No. 1.

As the government will discuss more fully in its response to Pacheco's pending motion, it has been diligent in producing discovery in this case, which has to date included over 56,000 pages of paper discovery and multiple terabytes of digital evidence.[2] The government's diligence has also included reproducing some of the discovery to defense several times at the defense's request. Most recently, on March 24, 2023, Pacheco requested the government re-produce approximately 31,000 pages of discovery. Counsel requested the reproduction on the grounds that they were "unable to reconcile" the document range listed on signed receipts of discovery with the documents they currently had in their possession. Upon further inquiry, counsel stated it appeared that much of the discovery the government had previously produced had been misplaced and could not be located. Additionally, counsel stated that there were some unspecified files previously produced but never accessed by counsel until recently and that they had learned the files were "corrupted." The government requested a 16GB flash drive to

---

[1]   On April 4, 2023, government counsel met and conferred with defense counsel concerning their position on continuing trial. Despite representing that they would not be able to present an effective defense if this matter proceeded to trial on May 8, counsel advised that they would oppose any further continuance given their pending motion to dismiss.

[2]   In Pacheco's motion to dismiss, he also represents that he still intends to forensically process approximately four terabytes of data that the government originally produced on November 21, 2022. ECF No. 117, at 10.

reproduce the requested discovery. On April 3, 2023, the government received an 8GB flash drive, which is insufficient for the requested reproduction, and the government has been working with defense counsel to resolve the issue and complete the requested reproduction.

Meanwhile, on March 31, 2023, Pacheco filed a motion to dismiss, arguing that this case should be dismissed with prejudice due to violation of his speedy trial rights under the Sixth Amendment, as well as outrageous government misconduct premised upon factual assertions the government intends to challenge. ECF No. 117. The government's response is due on April 14, 2023, and Pacheco's reply is due April 21, 2023. ECF No. 115. This timeline provides this Court with just over just over two weeks prior to trial to decide a substantive and dispositive pretrial motion.

### III.  POINTS AND AUTHORITIES

Although the Speedy Trial Act requires that a trial be set at the earliest practicable time, courts have discretion to continue an existing trial date and exclude the delay from the speedy trial calculation in certain circumstances. 18 U.S.C. §§ 3161(a) and (h). Such circumstances include "delay resulting from any pretrial motion" or "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. §§ 3161(h)(1)(D) and (h)(1)(H); *see also United States v. Nance*, 666 F.2d 353, (9th Cir. 1982) ([A]lthough no provision of the Speedy Trial Act is intended to bar any sixth amendment speedy trial claim, it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the sixth amendment right to speedy trial has been violated.") (citation omitted); *United States v. Baker*, 63 F.3d 1478, 1497 (9th Cir. 1995) ("[T]he Speedy Trial Act affords greater protection to a defendant's right to a speedy trial than is guaranteed by the Sixth Amendment, and therefore a trial which complies with the Act raises a strong presumption of compliance with the Constitution.").

In this case, Pacheco's Motion to Dismiss is not yet even under advisement by the Court. Although briefing on the matter is due prior to trial, the current briefing deadlines leaves the Court a mere two weeks to consider the issues in the underlying pleadings and issue an opinion before trial currently scheduled on May 8, 2023. The Court's determination on Pacheco's Motion to Dismiss is dispositive to the charges in this case. Accordingly, the Government respectfully requests a continuance of the trial date such that the Court can appropriately consider the matter and timely enter its Order. This continuance should be excluded under 18 U.S.C. § 3161(h)(1)(D).

This is the first Motion to Continue filed herein.

## IV. CONCLUSION

Based on the foregoing, the Court should continue trial in this case and enter an order vacating the calendar call scheduled for May 2, 2023, and trial scheduled for May 8, 2023, and rescheduling the same at a time convenient to the Court.

DATED: April 5, 2023.

        JASON M. FRIERSON
        United States Attorney

        */s/ Christopher Burton*
        CHRISTOPHER BURTON
        NADIA AHMED
        Assistant United States Attorneys
        District of Nevada

JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
CHRISTOPHER BURTON
Nevada Bar No. 12940
NADIA AHMED
Nevada Bar No. 15489
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
Christopher.Burton4@usdoj.gov
Nadia.Ahmed1@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:19-cr-00248-RFB-DJA |
| v. | **Order** |
| ADAM PACHECO, | |
| Defendant. | |

Based on the pending motion, and good cause appearing therefore, the Court finds that:

1. Additional time is needed for the Court to consider the pending pretrial motion to dismiss (ECF No. 117), which has not yet been fully briefed.

2. Defense counsel has made representations that they are not prepared to proceed to trial and present an effective defense.

3. The additional time requested herein is not sought for purposes of delay, but to allow the Court to fully consider the pending motion to dismiss prior to trial.

4. Additionally, denial of this request for continuance could result in a miscarriage of justice.

5. The additional time requested by the motion is excusable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Cody, Section 3161(h)(1)(D) and Section 3161(h)(7)(A), considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv).

6. This is the <u>first</u> motion to continue filed herein.

For all of the above-stated reasons, the ends of justice would best be served by a continuance of the calendar call and trial dates.

## CONCLUSIONS OF LAW

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the Court sufficient time to take a pending motion to dismiss under advisement, and would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excusable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(1)(D) and Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv).

///

///

///

///

///

**ORDER**

IT IS FURTHER ORDERED that the calendar call currently scheduled for May 2, 2023, at the hour of 1:30 p.m., be vacated and continued to **September 5, 2023 at 1:30 pm**; and the trial currently scheduled for May 8, 2023, at the hour of 9:00 a.m., be vacated and continued to **September 11, 2023 at 9:00 am**.

DATED this the 5th day of April, 2023.

_____
THE HONORABLE RICHARD F. BOULWARE
UNITED STATES DISTRICT JUDGE