KATHLEEN BLISS, ESQ.
Nevada Bar No. 7606
kb@kathleenblisslaw.com
KATHLEEN BLISS LAW PLLC
170 South Green Valley Pkwy.
Suite 300
Henderson, Nevada 89012
Telephone: 702.318.7375

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. 2:19-cr-248-RFBDJA |
| Plaintiff, | ) |
| | ) **MOTION TO WITHDRAW AS** |
| vs. | ) **ATTORNEY OF RECORD** |
| | ) |
| ADAM PACHECO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Kathleen Bliss, Esq., appointed counsel for Defendant Adam Pacheco, respectfully requests that this Court enter an order allowing her to withdraw from representation of Defendant Pacheco. This Motion is based upon the Memorandum of Points and Authorities submitted herewith and any oral argument, including *ex parte*, in camera proceedings, presented to this Court for its consideration.

DATED this 17th day of May 2024

*s/s Kathleen Bliss*

Kathleen Bliss, Esq.

Kathleen Bliss Law PLLC
170 South Green Valley Parkway
Suite 300
Henderson, NV 89012

# MEMORANDUM OF POINTS AND AUTHORITIES

### A.  Background

A federal grand jury returned a fourteen-count indictment against Mr. Pacheco and co-defendant Harolyn Landau, on October 1, 2019, alleging Title 18 violations such as a conspiracy to commit wire fraud (§1349), wire fraud (§ 1343), conspiracy to launder money (§1956), money laundering (same) and conspiracy to structure (31 U.S.C. § 5324), that occurred between 2005 and 2018.  *See*  ECF No. 1.  Undersigned counsel was appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, ECF No. 45, and she has continued her representation of Mr. Pacheco since that time. Thereafter, a superseding indictment was filed on March 8, 2023, expanding the scope of the conspiracies to a timeframe of "no later than December 2000 . . .through October 7, 2019," [sic]. ECF No. 108. The Sentencing Guideline range is significant – over 10 years if there is a conviction. The statutory maximum penalty for wire fraud under 18 U.S.C. §§ 1343 and 1349 is 20 years; and also for money laundering and conspiracy charged  under 18 U.S.C. § 1956. The Government will argue that the loss amount is at least $1.5 million. The Court orally denied Mr. Pacheco's motion to dismiss on January 12, 2024, so trial is set to proceed on February 20, 2024. *See* ECF No. 170 and 178.

Mr. Pacheco has been on pretrial release since his initial appearance on October 7, 2019. *See* ECF No. 10.  On May 3, 2024, this Court entered an Order (ECF No. 210, Sealed). A new trial date is pending.

### B.  Legal Standard

Local Rule (LR IA) 10-6(b) of the United States District Court for the District of Nevada provides that "[n]o attorney may withdraw after appearing in a case except by leave of court after notice served on the affected client and opposing counsel."

2

The Nevada Rules of Professional Conduct provide as follows:

    (a)    Except as states in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
        (1)The representation will result in violation of the Rules of Professional Conduct or other law;
        (2) The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
        (3) The lawyer is discharged.
    (b)    Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
        (1) Withdraw can be accomplished without material adverse effect on the interest of the client;
        (2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
        (3) The client has used the lawyer's services to perpetrate a crime or fraud;
        (4) The client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
        (5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
        (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
        (7) Other good cause for withdrawal exists.
    (c)    A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation.  When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.
    (d)  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment or fee or expense that has not been earned or entitled and refunding any advance payment of fee or expense that has not been earned or incurred.  The lawyer may retain papers relating to the client to the extent permitted by other law.

See Nev.R.P.C. 1.16 (hereinafter Rule).

**C.  Circumstances warranting withdrawal**

Since her appointment, counsel has attempted to communicate effectively with Mr. Pacheco and done so. Since late 2023, however, difficulties in communication have occurred, but

3

1 not to an irreparable level that interferes with the attorney-client relationship. Recently, though,
2 especially since early May and this Court's Order on May 3, 2024, circumstances have arisen that
3 cause counsel to believe that the attorney-client relationship has deteriorated to the point that
4 counsel believes the relationship is irreparably damaged and a serious conflict of interest exists.
5 As such, further representation by appointed counsel is not in the best interest of Defendant
6 Pacheco. Since Defendant's rights under the Sixth Amendment of the United States Constitution
7 must be effectively protected, counsel requests that this Court allow her to withdraw because good
8 cause exists to do so under Rule 1.16 (b)(7).  Counsel requests that this Court appoint Defendant
9 new counsel, in accordance with the provisions of Rule 1.16 (d).

Counsel submits that, under the circumstances, withdrawal at this time will not adversely affect the rights of Defendant, as provided in Rule 1.16 (b)(1).  A copy of this Motion has been provided to Defendant Pacheco, in compliance with Rule 1.16 (c).

*s/s Kathleen Bliss*

Kathleen Bliss, Esq.
Kathleen Bliss Law PLLC
170 South Green Valley Parkway
Suite 300
Henderson, NV 89012
Telephone: 702.318.7375

IT IS ORDERED, this motion is GRANTED, the Court kindly requests new counsel be appointed as soon as possible by the CJA coordinator.

Dated this the 17th day of May, 2024.

_____
RICHARD F. BOULWARE, II
United States District Judge

4

**CERTIFICATE OF SERVICE**

I certify that I am an employee of KATHLEEN BLISS LAW PLLC, and that on this 17th day of May 2024, I did cause a true copy of:

**MOTION TO WITHDRAW**

To be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing system in this action. Service to Defendant Adam was made to him by email and by United States First Class Mail, and by emailing this Motion to him to current residence.

*s/s Kathleen Bliss*

Kathleen Bliss, Esq.
Kathleen Bliss Law PLLC
170 South Green Valley Parkway
Suite 300
Henderson, NV 89012
Telephone: 702.318.7375